RENDELL (UNITED STATES v.). See Case No. 16,147.

RENKIN (COE v.). See Case No. 2,943.

RENNEL (McDONALD v.). See Case No. 8,-765.

RENNELL (SHOREY v.). See Cases Nos. 12,-806 and 12,807.

---

## Case No. 11,699.

### RENNER v. BANK OF COLUMBIA.

[2 Cranch, C. C. 310.] [1]

Circuit Court, District of Columbia. May Term, 1822.

APPEAL—BOND—FOR WHAT AMOUNT TO BE TAKEN.

The security, which a judge, signing a citation on a writ of error which is to be a supersedeas, shall take, is to be for the costs and such damages as the supreme court may award for the delay.

[Cited in Bank of Alexandria v. Deneale, Case No. 846.]

[This was an action by the Bank of Columbia against Daniel Renner as indorser of a promissory note made by James Foyles. There was a judgment in favor of the bank. Case unreported. The matter is now heard upon the appeal bond.]

Mr. Jones, upon applying to MORSELL, Circuit Judge, for a citation upon a writ of error in this cause, offered a bond with surety in the penalty of ——. The judge, doubting whether it ought not to be in double the amount of the judgment recovered in this court, submitted the question to the court.

The words of the twenty-second section of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

the judiciary act of 1789 (1 Stat. 73) are: "Shall take good and sufficient security that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs, if he fail to make his plea good;" and by the twenty-third section it is enacted "that where, upon such writ of error, the supreme, or a circuit court shall affirm a judgment or decree, they shall adjudge or decree, to the respondent in error, just damages for his delay, and single or double costs, at their discretion."

Mr. Jones contended, that the damages and costs provided for in the twenty-second section, were the damages and costs which the court were obliged by the twenty-third section to award to the respondent in error, upon affirming the judgment of the court below. By the act of December 12, 1794 (1 Stat. 404), it is enacted that where the writ of error shall not be a supersedeas and stay execution, the security to be taken upon signing the citation, shall be only to such an amount, as, in the opinion of the judge, taking the same, shall be sufficient to answer all such costs, as upon an affirmance of the judgment or decree, may be adjudged or decreed to the respondent in error. So that where the writ of error is not a supersedeas, the security is to be for costs only, but when it is a supersedeas, it is to be for costs and the damages incurred by failing to make his plea good; i. e., such costs and damages for delay as shall be adjudged by the appellate court upon affirmance of the judgment of the court below.

THE COURT (nem. con.) was of opinion that Mr. Jones' construction of the statute was right.

This opinion was overruled by the supreme court of the United States in the case of Catlett v. Brodie, 9 Wheat. [22 U. S.] 553.

[The judgment recovered by the bank against Renner was affirmed by the supreme court, 9 Wheat. (22 U. S.) 581.]